FILED
NOV 13 2007
U.S. DISTRICT COURT
ELKINS WV 26241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHIRLEY SCOTT,

    Plaintiff,

vs.                                                  CIVIL ACTION NO. 2:07 CV 29
                                                                            (MAXWELL)

LIFE INVESTORS INSURANCE
COMPANY OF AMERICA, a corporation,
GLOBE LIFE AND ACCIDENT INSURANCE
COMPANY, a corporation, STONEBRIDGE
LIFE INSURANCE COMPANY, a corporation,

    Defendants.

## ORDER GRANTING DEFENDANT STONEBRIDGE LIFE INSURANCE COMPANY'S MOTION FOR TRANSFER OF VENUE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, ORANGEBURG DIVISION

Before the Court is Defendant Stonebridge Life Insurance Company's (hereinafter "Stonebridge") Motion For Transfer Of Venue To The United States District Court For The District Of South Carolina, Orangeburg Division. For the reasons that follow, the Court **GRANTS** Stonebridge's Motion.

### I. Procedural History

The instant civil action was instituted by the filing of the Plaintiff's Complaint in the Circuit Court of Randolph County, West Virginia, on or about March 20, 2007. The action was removed to the United States District Court for the Northern District of West Virginia by Stonebridge on April 13, 2007. In her Complaint, Plaintiff Shirley Scott seeks damages resulting from the three Defendants' failure to pay the accidental death benefit claims she filed, as the designated beneficiary, following the April 27, 2005,

death of her husband, Everett Scott (hereinafter "the deceased"), who was the insured under the five insurance policies in question. The Complaint alleges breach of contract on the part of the three Defendants, as well as failure to comply with the insurance regulations and statutes of the State of West Virginia. The Complaint further alleges that each of the Defendants has engaged in a pattern and practice of not paying legitimate accidental death insurance claims to beneficiaries in the State of West Virginia.

Stonebridge's Motion For Transfer Of Venue To The United States District Court For The District Of South Carolina, Orangeburg Division, and its Memorandum Of Law In Support thereof were filed on April 19, 2007. In its Motion, Stonebridge argues that the instant civil action should be transferred to the United States District Court for the District of South Carolina, Orangeburg Division, pursuant to 28 U.S.C. § 1404(a). The Plaintiff's Response To Defendant, Stonebridge Life Insurance Company's, Motion For Transfer Of Venue To The United States District Court For The District Of South Carolina, Orangeburg Division, was filed on September 14, 2007. Defendant Stonebridge Life Insurance Company's Reply To Plaintiff's Response To Defendant Stonebridge Life Insurance Company's Motion To Transfer Venue To The United States District Court For The District Of South Carolina, Orangeburg Division, was filed on October 1, 2007, and its Supplemental Reply To Plaintiff's Response To Motion To Transfer Venue To The United States District Court For The District Of South Carolina, Orangeburg Division, was filed on November 5, 2007. Stonebridge's Motion For Transfer Of Venue is now fully briefed and ripe for review.

## II. Facts

The instant civil action arises from an automobile accident that occurred on or about April 27, 2005, while the decedent was traveling south on South Carolina 310 in Holly Hill, Orangeburg County, South Carolina. The pleadings before the Court suggest that the accident in question occurred when the decedent ran a stop sign at the intersection of Highway 176 and South Carolina 310, and his automobile left the roadway and hit an embankment. At this point, the decedent's vehicle apparently became airborne and ultimately landed on its roof in a field. The decedent died immediately form bodily injuries he sustained as a result of the automobile accident, and the Certificate of Death indicates that the decedent died as a result of blunt force trauma to the head and neck.

The Defendants have alleged that the automobile accident and, hence, the decedent's death was a direct result of his intoxication. Specifically, the Defendants have alleged that the decedent left his home in the early morning hours of April 27, 2005, to drive himself to a hospital because he believed he was suffering medical complications following a previous kidney transplant. The Defendants have further alleged that, prior to leaving his home, the decedent had consumed alcoholic beverages at or about the same time that he ingested Alprazolam, a medication prescribed by his treating physician with the instructions that he not consume alcohol while taking it. Finally, the Defendants have alleged that the decedent continued to consume alcohol while attempting to drive himself to the hospital. Toxicology reports prepared by the South Carolina Law Enforcement Division, Forensic Services Laboratory, Toxicology Department indicate that, at the time of his death, the

decedent's blood contained a concentration of 0.166% (w/v) of Ethanol, as well as a concentration of 0.18 mg/L of Alprazolam, and that the decedent's urine contained a concentration of 0.175% (w/v) of Ethanol. Accordingly, the Defendants have asserted that, at the time of the fatal accident, the decedent was, under South Carolina law, intoxicated and illegally operating his automobile.

Prior to the automobile accident in question, the decedent had purchased five separate accidental death benefit insurance policies. Specifically, the decedent purchased one policy each from Defendants Stonebridge and Life Investors Insurance Company of America (hereinafter "Life Investors") and three policies from Defendant Globe Life and Accident Insurance Company (hereinafter "Globe Life"). At the time he entered into each of the aforementioned five insurance policies, the decedent and his wife, Plaintiff Shirley Scott, resided in the State of South Carolina[1]. Plaintiff Shirley Scott is the designated beneficiary of each of the five insurance policies.

On or about April 28, 2005, one day after the fatal automobile accident, the Plaintiff contacted each of the Defendants; notified them of the date and circumstances of the decedent's death; and requested that the accidental death benefits under each of the five insurance policies in question be paid. Each of the Defendants denied the Plaintiff's claims for accidental death benefits. Stonebridge denied the Plaintiff's claim based on two express exclusions in its policy which state that "No benefit shall be paid for injury that: . . . occurs while the Covered Person is taking or using any narcotic, barbiturate or any other drug, unless taken or used as prescribed by a Physician" and

---

[1] In August of 2005, the Plaintiff relocated from South Carolina to West Virginia.

that "No benefit shall be paid for injury that: . . . results from the Covered Person's blood alcohol level being .10 percent weight by volume or higher." Globe Life relied on a policy provision excluding from coverage loss caused by or resulting from the "insured's intoxication." Finally, Life Investors denied coverage on the basis of a policy provision expressly excluding from coverage any loss caused by or resulting from an insured's "...being intoxicated or under the influence of any narcotic unless administered on the advice of a physician."

### III. Applicable Law

Stonebridge's Motion To Transfer Venue is brought pursuant to 28 U.S.C. § 1404(a), which provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In <u>Stewart Organization, Inc., v. Ricoh Corporation</u>, the United States Supreme Court noted that the foregoing statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" 487 U.S. 22 at 29, 108 S.Ct. 2239 at 2244 (1988) (citing <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). A district court is to make this "individualized, case-by-case consideration of convenience and fairness" by weighing a number of factors, including the following:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in

having local controversies decided at home; and (7) the interests of justice.

Alpha Welding And Fabricating, Inc., v. Heller, Inc., 837 F.Supp. 172 at 175 (S.D. W.Va. 1993). "The burden is on the moving party to show that transfer to another forum is proper." Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582 at 592 (E.D.Va. 1992). Although the plaintiff's choice of forum is ordinarily accorded considerable weight in balancing the relevant factors, "when . . . a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight." Id.

## IV. Discussion

In support of its Motion For Transfer, Stonebridge contends that, with the exception of the Plaintiff's relocation to the State of West Virginia following the death of the decedent, this civil action has no connection to the State of West Virginia and that, accordingly, it would be more appropriately tried in the Orangeburg Division of the District of South Carolina. In support of this proposition, Stonebridge asserts the following: (1) the automobile accident in question occurred in the State of South Carolina; (2) at the time of the automobile accident in question, the Plaintiff and the decedent resided in the State of South Carolina; (3) Stonebridge issued the Certificate of Insurance while the decedent and the Plaintiff resided in the State of South Carolina; and (4) with the exception of the Plaintiff, nearly all of the individuals that may be called as fact witnesses reside and/or transact business within the State of South Carolina and are, for that reason, subject to the subpoena power of the United States District Court for the District of South Carolina, but are not subject to the subpoena power of

the United States District Court for the Northern District of West Virginia.

In opposition to Stonebridge's Motion For Transfer, the Plaintiff asserts that the interests of justice will be best served by honoring her choice of forum for the following reasons: (1) since she has been a resident of West Virginia since August of 2005, it will be difficult, inconvenient and expensive for the Plaintiff to participate in her own trial if this civil action is transferred to South Carolina; (2) the Plaintiff, as well as other West Virginia residents will testify during the trial; (3) the material facts of this litigation will center around the construction and the interpretation of the contractual language of the various accidental death benefits policies; (4) it will be unnecessary for the Defendants to subpoena the testimony of potential witnesses from the Orangeburg County Coroner's Office, South Carolina Law Enforcement, and the South Carolina Law Enforcement Division Toxicology Department, since reliance on the information and documents provided by them is sufficient for a determination of whether the decedent died as a result of an accidental injury; and (5) the Defendants have been provided with and have already utilized a signed medical authorization from the Plaintiff allowing them to access the decedent's medical records.

In its reply, Stonebridge contends that a review of the seven factors to be considered by the Court clearly demonstrates that the transfer of the instant action to the United States District Court for the District of South Carolina is appropriate. In this regard, Stonebridge points out that, because the instant case will be decided upon the issue of whether the decedent's death was caused by his operating a vehicle while his blood alcohol level was more than twice the legal limit to operate a vehicle in the State of South Carolina, the testimony of the coroner, the toxicologist, and the investigating

officer, all of whom are located in the State of South Carolina, will be required to establish or refute facts relative to this key issue. Stonebridge reiterates that this Court does not have subpoena power over these critical fact witnesses and could not, accordingly, compel them to appear. Stonebridge further notes that, even if these critical fact witnesses would agree to appear voluntarily, this would result in unnecessary cost to it. Additionally, Stonebridge notes that the Plaintiff has failed to identify any potential witnesses who are residents of West Virginia with the exception of herself. Stonebridge further suggests that a view of the intersection where the fatal accident occurred would be beneficial to the jury since it has alleged that the decedent's death was a direct result of his intoxication. Finally, Stonebridge asserts that the State of South Carolina has an interest in having this controversy decided in the District of South Carolina, since the Certificate of Insurance was issued to a South Carolina resident and was issued inside the State of South Carolina and since this matter involves the death of a South Carolina resident who died within the State of South Carolina.

In its Supplemental Reply, Stonebridge asserts that the Plaintiff's Rule 26(a)(1) Disclosures filed on October 30, 2007, support its Motion To Transfer Venue, since the Plaintiff has identified as "persons likely to have discoverable information" the very individuals that she asserts in her Response to Stonebridge's Motion To Transfer Venue "will provide nothing additional in the determination of whether the decedent, Everett Scott, died as a result of an accidental injury" -- namely, individuals from the Orangeburg County Coroner's Office; South Carolina law enforcement officers; and individuals from the South Carolina Law Enforcement Division Toxicologist's Office.

Stonebridge further notes that the Plaintiff has identified additional law enforcement officers, public officials, and medical professionals who may also have discoverable evidence regarding the ultimate cause of the decedent's death and that all of these individuals are located in the State of South Carolina. Finally, Stonebridge notes that the Plaintiff has only identified two other individuals, aside from herself, who reside within the State of West Virginia, namely, the decedent's son and daughter-in-law. In light of the fact that neither of these individuals were present at the scene of the accident or performed any investigation into the death of the decedent, Stonebridge contends that neither of them will be able to provide any evidence into the cause of the decedent's death.

After careful consideration of the memoranda of law in support of and in opposition to Stonebridge's Motion To Transfer Venue, the Court agrees with Stonebridge that the instant action should be transferred to the United States District Court for the District of South Carolina, Orangeburg Division. In support of this conclusion, this Court will analyze each of the seven applicable factors.

The Court believes that the first, second, third, fourth and fifth factors, ease of access to sources of proof; the convenience of parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; and the possibility of a view, respectively, can be addressed together. The Court finds that each of these first five factors weighs strongly in favor of a transfer to the United States District Court for the District of South Carolina, Orangeburg Division. As Stonebridge has suggested, because this action turns on whether the decedent's death was caused by his operating a motor vehicle while intoxicated, the testimony of the coroner,

toxicologist and investigating officers, all of whom are located in the State of South Carolina, will be essential to resolving this issue. Additionally, in her Rule 26(a)(1) Disclosures, the Plaintiff has only identified three residents of West Virginia who she believes is likely to have discoverable information, namely, herself, the decedent's son, and the decedent's daughter-in-law. The Court agrees with Stonebridge that there is nothing before the Court to suggest that either the decedent's son or daughter-in-law would be able to address the primary issue in this case, *i.e.*, whether the decedent's death was caused by his operating a motor vehicle while intoxicated, since neither of them was present at the scene of the accident or performed any investigation into the decedent's death. Additionally, it cannot be disputed that this court does not have subpoena power over critical witnesses such as the coroner, the toxicologist and the investigating officers, all of whom are South Carolina residents. In this regard, the Court agrees with Stonebridge that, even if these individuals would agree to appear voluntarily at the trial of this matter, it would be unfair for Stonebridge to incur this unnecessary cost. The United States District Court for the District of South Carolina, Orangeburg Division, on the other hand, clearly would have subpoena power over all of the critical South Carolina witnesses. Finally, the Court believes that it is entirely possible that a view of the intersection where the fatal accident in question occurred might be desirable and beneficial. In this regard, Stonebridge correctly asserts that it would be entirely impractical to transport a jury from the Northern District of West Virginia to Orangeburg County, South Carolina, for this purpose.

With regard to the sixth factor, the interest in having local controversies decided at home, the Court finds that this factor also weighs heavily favor of a transfer of the

instant civil action to the Orangeburg Division of the United States District Court for the District of South Carolina.  The South Carolina Court clearly has an interest in adjudicating this controversy in light of the fact that the motor vehicle accident in question occurred in South Carolina; the fact that the decedent was a resident of South Carolina both at the time that he entered into the insurance policies with the Defendants and at the time of the motor vehicle accident in question; and the fact that virtually all of the witnesses are South Carolina residents.

Finally, the Court believes that the seventh factor, the interests of justice, also weighs in favor of a transfer of this civil action to the United States District Court for the District of South Carolina, Orangeburg Division.  As the issue which must be resolved in this case is, as previously noted, whether the decedent's death was caused by his operating a motor vehicle while intoxicated, it would be unjust to permit this case to be tried in a jurisdiction which would foreclose Stonebridge from calling those witnesses who can best address this issue, namely the coroner, the toxicologist, and the investigating law enforcement officers.

In conclusion, after weighing the applicable factors, the Court finds that Stonebridge has met its burden of establishing that a transfer of venue is appropriate. Simply put, in the matter now before the Court, the cause of action bears virtually no relation to the forum chosen by the Plaintiff.  For that reason, the venue chosen by the Plaintiff is not entitled to substantial weight and is unable to overcome the weight of the other factors, which all weigh strongly in favor of a transfer of this matter to the United States District Court for the District of South Carolina, Orangeburg Division. Accordingly, Stonebridge's Motion For Transfer Of Venue To The United States District

Court For The District Of South Carolina, Orangeburg Division, is hereby granted.

## V. Conclusion

For the foregoing reasons, Stonebridge's Motion For Transfer Of Venue To The United States District Court For The District Of South Carolina, Orangeburg Division (Docket No. 5) is **GRANTED**. The above-styled civil action is hereby **TRANSFERRED** to the United States District Court For The District Of South Carolina, Orangeburg Division.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record herein and to the United States District Court For The District Of South Carolina, Orangeburg Division.

**ENTER:** November 13th, 2007

_____
United States District Judge